Jared B. Pearson (12200)
PEARSON LAW FIRM, PLLC
9192 South 300 West, Suite 35
Sandy, Utah 84070
Tele: (801) 888-0991
jared@pearsonlawfirm.org
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| LISA GILLESPIE, | COMPLAINT |
| Plaintiff, | |
| v. | Case No.: |
| | Judge: |
| N.A.R., INC., *doing business as* NORTH AMERICAN RECOVERY, | |
| Defendant. | |

## **PLAINTIFF'S COMPLAINT**

Plaintiff, LISA GILLESPIE ("Plaintiff"), by and through her attorneys, alleges the following against Defendant, N.A.R., INC., *doing business as* NORTH AMERICAN RECOVERY ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

1

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Salt Lake City, Salt Lake County, State of Utah.

6. Defendant is a Utah business corporation and debt collection agency based in West Valley City, Salt Lake County, State of Utah.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly arising from a Cyprus Credit Union account.

18. The alleged debt at issue arises from transactions for personal, family, and household purposes.

19. Plaintiff does not and has never owed a debt to Cyprus Credit Union.

20. In or around February 2019, Defendant began placing collection calls to Plaintiff on her work telephone number of 801-957-4624 in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from several telephone numbers, including, 801-236-7580, which is one of Defendant's telephone numbers.

22. On or about February 8, 2019, Plaintiff answered one of Defendant's collection calls and spoke to one of Defendant's collectors.

23. During the above-referenced telephone conversation:
    a. Plaintiff disputed owing the alleged debt; and
    b. Defendant's collector threatened Plaintiff with arrest and jail if she did not pay the alleged debt.

24. Defendant's above-referenced actions were an attempt to coerce Plaintiff into payment of the alleged debt.

25. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

26. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

27. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

28. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692c(a)(1) of the FDCPA by calling Plaintiff at any unusual place known or which should be known to be inconvenient to the consumer when Defendant has reason to know that it is inconvenient for Plaintiff to be engaging in personal business while at work;

    b. Defendant violated § 1692c(a)(3) of the FDCPA by calling Plaintiff at her place of employment when Defendant has reason to know that the consumer's employer prohibits the consumer from engaging in personal business while at work;

    c. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant engaged in all of the harassing misconduct alleged above, including attempting to coerce Plaintiff into paying the alleged debt by making empty threats arrest and jail;

    d. Defendant further violated § 1692d of the FDCPA when Defendant attempted to collect a debt from Plaintiff, which she does not owe—especially in light of Defendant using unlawful and coercive tactics;

    e. Defendant violated § 1692d(2) of the FDCPA by the use of language the natural consequence of which is to abuse the hearer when Defendant threatened Plaintiff with arrest and jail;

4

f.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

g.  Defendant violated § 1692e(1) of the FDCPA by the false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, when Defendant threatened Plaintiff with arrest and jail;

h.  Defendant violated §1692e(2)(A) of the FDCPA with its false representation of the character, amount, or legal status of any debt when Defendant threatened Plaintiff with arrest and jail, which cannot legally be taken or is not intended to be taken;

i.  Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant threatened Plaintiff with arrest and jail, which is not lawful or is not intended to be taken;

j.  Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant threatened Plaintiff with arrest and jail, which cannot legally be taken or is not intended to be taken;

k.  Defendant violated § 1692e(7) of the FDCPA by its false representation or

    implication that the consumer committed any crime or other conduct in order to disgrace the consumer when Defendant threatened Plaintiff with arrest and jail;

l. Defendant violated § 1692e(10) of the FDCPA by its use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer when Defendant created the false impression on Plaintiff that Defendant was permitted by law to engage in the harassing tactics it used to attempt to coerce Plaintiff into payment of the alleged debt;

m. Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt then continuing to assume the validity of the alleged debt when Defendant threatened Plaintiff with arrest and jail if Plaintiff did not pay the alleged debt;

n. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant's collector ignored Plaintiff's oral dispute of the alleged debt and threatened to sue and arrest Plaintiff if Plaintiff did not pay the alleged debt; and

o. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, LISA GILLESPIE, respectfully requests judgment be entered against Defendant, N.A.R., INC., *doing business as* NORTH AMERICAN RECOVERY, for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

31. Any other relief that this Honorable Court deems appropriate.

                                        RESPECTFULLY SUBMITTED,

DATED: June 24, 2019        By: /s/ Jared B. Pearson
                                        Jared B. Pearson (12200)
                                        PEARSON LAW FIRM, PLLC
                                        9192 South 300 West, Suite 35
                                        Sandy, Utah 84070
                                        Tele: (801) 888-0991
                                        jared@pearsonlawfirm.org
                                        Attorney for Plaintiff