# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LISA GILLESPIE,<br><br>                      Plaintiff,<br><br>vs.<br><br>N.A.R., INC., *dba* NORTH AMERICAN RECOVERY,<br><br>                      Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:19CV439DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant N.A.R., Inc.'s Motion to Set Aside Default Certificate [Docket No. 12]. On June 24, 2019, Plaintiff Lisa Gillespie filed her Complaint and obtained an electronic summons. On June 27, 2019, Plaintiff filed her return of service indicating that she had served NAR on June 26, 2019. When NAR failed to file an Answer or otherwise respond to the Complaint by July 22, 2019, Plaintiff filed a request for entry of default with the Clerk of Court. The Clerk of Court entered a default certificate on August 21, 2019. Plaintiff did not then move for default judgment. On August 29, 2019, NAR filed a notice of intent to file a motion to set aside default. On September 5, 2019, NAR filed this Motion to Set Aside Default Certificate.

Under Rule 55(c) of the Federal Rules of Civil Procedure, a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The good cause requirement under Rule 55(c) is a lower standard than what is required to set aside a default judgment. *Polanski v. Colo. Dep't of Transp.*, 198 Fed. Appx. 684, 685 (10th Cir. 2006). "The principal factors in determining

whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178, *3 (10th Cir. 1995) (unpublished opinion). "These factors are not 'talismanic' and the court may consider other factors." *Id.*

"Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for a default." *Id.* In this case, NAR's failure to respond to Plaintiff's Complaint was simply a matter of neglect and mistake–NAR's President and CEO got busy with the day-to-day operations of his business and forgot to contact NAR's attorney. This is a typical problem that does not rise to the level of culpable conduct. In addition, Plaintiff is not prejudiced by the delay in the proceedings caused by NAR's mistake. The case is only a few weeks behind schedule. Plaintiff still has a full opportunity to litigate her claims in a timely manner. Moreover, NAR presents defenses to Plaintiff's Complaint that can and should be reviewed on their merits. While the court does not determine the merits of the claimed defenses at this stage, courts generally prefer to resolve disputes on their merits, if possible. *See Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Accordingly, the court concludes that NAR has presented good cause for setting aside the default certificate.

For these reasons, the court grants NAR's Motion to Set Aside Default Certificate [Docket No. 12] and sets aside the Clerk of Court's Entry of Default. NAR shall answer Plaintiff's Complaint within ten days of the date of this Order.

DATED this 12th day of September, 2019.

BY THE COURT:

DALE A. KIMBALL
United States District Judge